**SO ORDERED.**

**SIGNED this 20th day of August, 2007.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| IN RE | BANKR. CASE NO. |
|---|---|
| LOUIS RIOS & LINDA RIOS | 07-51263-C |
| *DEBTOR* | CHAPTER 7 |

### ORDER DENYING APPROVAL OF REAFFIRMATION AGREEMENT

CAME ON for consideration the foregoing matter. The debtors proposes to reaffirm a debt with San Antonio City Employees Federal Credit Union, in the amount of $44,517.73, secured by her homestead. The loan is a home equity loan. For the reasons stated by this court in *In re Pfeil*, Bankr. Case No. 07-51241-C (Bankr. W.D.Tex. July 10, 2007) (available at the court's opinion database on the internet at www.txwb.uscourts.gov/opinions), it is both unnecessary and unwise to reaffirm such loans, as they are, by law in Texas, nonrecourse obligations. *See* TEX. CONST., art XVI, § 50(a)(6). The loan document itself, attached to the reaffirmation agreement, states in highlighted language (as Texas law requires in section 50(g) of article XVI), the following:

> Notwithstanding anything herein to the contrary, the loan represented by the note and lien contract is without recourse for personal liability against me or my spouse unless I or my spouse obtained the extension of credit represented by the note and lien contract by actual fraud. The provisions of this paragraph shall control over any conflicting provisions in the note and lien contract.

There is nothing here to reaffirm because there is nothing to discharge. Section 524(c) defines a reaffirmation agreement as one the consideration for which is based on a debt *that is dischargeable*.

*See* 11 U.S.C. § 524(c). That section further elaborates that such an agreement is "enforceable only to any extent enforceable under applicable nonbankruptcy law ..." *Id.* As this nonrecourse debt is enforceable only as an *in rem* claim in any event, reaffirmation is at best a useless act.

In addition, reaffirmation is not needed prophylactically in order to protect the creditor from liability resulting from ordinary enforcement of this *in rem* obligation. Section 524(j) expressly provides that the bankruptcy discharge does not enjoin a creditor holding a secured claim on the debtor's residence from engaging in ordinary course of business activity with respect to seeking or obtaining periodic payments associated with the debt in lieu of pursuit of *in rem* relief to enforce the lien. *See* 11 U.S.C. § 524(j)(1)-(3). A reaffirmation of a nonrecourse *in rem* claim is thus expressly unnecessary as a matter of bankruptcy law.

Further, a debtor's voluntary reaffirmation of such loans, in the face of the foregoing, could be construed by some as constituting a voluntary waiver on the part of the debtors of the protections given them in the Texas Constitution. Without speaking to whether such a waiver would be effective as a matter of state law,[1] it is at least unwise to endorse such a potential waiver by judicially approving such agreements.[2]

Finally, the court is aware of special provisions in section 524 which excuse reaffirmation of debts with credit unions from the "undue hardship" limitations of section 524(m)(1). *See* 11 U.S.C. § 524(m)(2). The court is not disapproving this agreement on grounds of undue hardship, so that limitation is not applicable here.

For the reasons stated, approval of the reaffirmation agreement is denied.

# # #

---

[1] The Ninth Circuit has held that a reaffirmation agreement is insufficient for purposes of applying *res judicata* or collateral estoppel in a subsequent action. Said the court:
> unless the court reviews and approves the reaffirmation agreement by an order of the court, the fact that a debtor has voluntarily entered into a reaffirmation agreement neither proves nor disproves the question of whether the debt that is the subject of the reaffirmation agreement would have been held to be nondischargeable if the creditor had filed a nondischargeability adversary proceeding regarding that debt and the court had adjudicated that adversary proceeding. Because of its voluntary nature, a reaffirmation agreement that is not approved by a subsequent court order can have no preclusive effect regarding the question of whether the debt reaffirmed would have been held to be nondischargeable if the nondischargeability issue had been litigated. Thus, a reaffirmation agreement unaccompanied by a court order is not a final judgment on the merits and cannot be given preclusive effect.

*See Rein v. Providian Financial Corp.*, 270 F.3d 895, 900 (9th Cir. 2001).

[2] The court is particularly concerned at the prospect of home equity lenders re-selling defaulted obligations to debt buyers, who might in turn use an executed reaffirmation agreement as a basis for aggressive extra-judicial debt collection activity, notwithstanding the express prohibition on such activity in the Texas Constitution. *See* TEX. CONST., art XVI, § 50(a)(6).

07-51263-lmc Doc#9 Filed 08/21/07 Entered 08/21/07 10:05:32 Main Document Pg 3 of 3